UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 5:25-cv-01329-JLS-SP                                           Date: August 07, 2025
Title: Odes USA Inc. v. Total Quality Logistics, LLC et al

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Kelly Davis | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:      ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                                           Not Present

**PROCEEDINGS:   (IN CHAMBERS) ORDER REMANDING ACTION TO STATE COURT**

The Court ordered Defendant Total Quality Logistics, LLC ("TQL") to show cause why this action should not be remanded to state court for lack of subject matter jurisdiction. (OSC, Doc. 17.) TQL timely responded. (Response, Doc. 19.) Having reviewed TQL's response, the Court concludes that TQL has not met its burden as the removing party to establish that diversity jurisdiction exists. Therefore, this action is REMANDED to Riverside County Superior Court, Case No. CVRI2502007.

Plaintiff Odes USA Inc. filed this action against Defendants TQL and Everyday Express LLC in Riverside County Superior Court on April 15, 2025, asserting state law claims for negligence, breach of contract, and conversion. (Compl., Doc 1-1.) Plaintiff alleges that it "is a California corporation with its principal office located in Jurupa Valley, California." (*Id.* ¶ 1.) On May 29, 2025, TQL removed the action to this Court on the basis of diversity jurisdiction. (NOR ¶ 3, Doc. 1.)

District courts have an independent duty to establish subject matter jurisdiction, regardless of whether the parties raise the issue. *United Inv'rs Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004). For cases removed from state court, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "[I]t is to be presumed that a cause lies outside the limited jurisdiction of the federal courts[.]" *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citation and alterations omitted). The "strong presumption against removal jurisdiction means that the defendant always has the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:25-cv-01329-JLS-SP                                                       Date: August 07, 2025
Title: Odes USA Inc. v. Total Quality Logistics, LLC et al

burden of establishing that removal is proper," and that "federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir.1992) (per curiam) (internal quotation marks omitted).

A federal court has diversity jurisdiction if the parties to the action are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. For purposes of diversity jurisdiction, a corporation is considered a citizen of both the state in which it is incorporated and the state in which it has its principal place of business. *Id.* § 1332(c)(1). A limited liability company is considered a citizen of "every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 899, 902 (9th Cir. 2006). If any owners/members of an LLC are also an LLC, partnership, or corporation, the citizenship of each owner/member of those entities also counts in the determination of complete diversity. *Lindley Contours, LLC v. AABB Fitness Holdings, Inc.*, 414 Fed. App'x 62,64–65 (9th Cir. 2011).

TQL has not met its burden to establish complete diversity of citizenship. TQL contends that it is diverse from Plaintiff because Plaintiff is a citizen of California, and TQL is a citizen of Ohio. (NOR ¶ 4.) However, TQL has not provided adequate information to establish its own citizenship.

The only allegation regarding TQL's citizenship in the Notice of Removal is that "TQL is a limited liability company of the State of Ohio." (NOR ¶ 4.) As the Court explained in its OSC, such an assertion is insufficient to establish the citizenship of TQL because it does not allege the identity of TQL's members or their citizenship. (OSC at 2.) In response to the Court's OSC, TQL states that "its members are KGBO Holdings, Inc., MJZ Holdings, LLC and KMB Holdings, LLC, each of which is a citizen of the State of Ohio." (Response ¶ 3.) But TQL's response is also insufficient to invoke diversity jurisdiction, as it does not identify where KGBO Holdings, Inc. is incorporated or has its principal place of business, nor does it identify the members of the two LLCs or indicate whether those members include another layer of LLCs. *See Lindley Contours,* 414 Fed. App'x at 64–65 (holding that allegation that no member of limited partnership "is an

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:25-cv-01329-JLS-SP                                  Date: August 07, 2025
Title: Odes USA Inc. v. Total Quality Logistics, LLC et al

Oregon citizen" was insufficient to establish complete diversity because such an assertion does "not identify of what state they are a citizen nor whether they are composed of another lawyer of partnerships"). Absent such information, TQL's assertion that all three of its members are citizens of Ohio is conclusory. "Conclusory statements that all the members or partners of a limited liability company … are citizens of a certain state (or are not citizens of a certain state) do not satisfy the burden of proof of establishing diversity of citizenship." *Discovery Health Services, Inc. v. M.R. Lab Services LLC*, 2023 WL 6186684, at *1 (S.D. Cal. Feb. 1, 2023).

Thus, despite having had the opportunity to remedy the deficiencies in its Notice of Removal, TQL has failed to adequately establish its own citizenship, and as a result, has not met its burden of establishing diversity jurisdiction.[1] *See Tores v. Wireless Vision,* LLC, 2025 WL 356494, at *2 (C.D. Cal. Jan. 31, 2025) (*sua sponte* remanding action because LLC defendant did "not specify the citizenship of its LLC or LP members"). The Court therefore REMANDS this action to Riverside County Superior Court, Case No. CVRI2502007. All pending hearings are vacated.

Initials of Deputy Clerk:  kd

---

[1] Although it need not reach the issue at this time, the Court notes that it also has concerns that the amount in controversy does not meet the $75,000 threshold. TQL calculates the amount in controversy based on Plaintiff's demands for at least $62,729 in compensatory damages and for at least $200,000 in punitive damages. (NOR ¶ 5; Prayer for Relief, Compl. at 7.) Punitive damages are appropriate under California law where the defendant has acted with "oppression, fraud, or malice." Cal. Civ. Code § 3294(a); s*ee also Tomaselli v. Transamerica Ins. Co.*, 25 Cal. App. 4th 1269, 1287 (1994). But Plaintiff's complaint contains no allegations that Defendants' conduct was oppressive, fraudulent, or malicious. And TQL has provided no evidence or authority to support its position that punitive damages are likely to exceed $12,271, let alone $200,000. The Court thus has doubts as to whether punitive damages are properly included in the amount in controversy for this case. *See Antonio v. Central Florida Invt, Inc.*, 2016 WL 4267941, at *3–4 (C.D. Cal. Aug. 11, 2016) (Staton, J.) (remanding case where defendant "fail[ed] to offer any evidence of the potential punitive damages," and thus failed to show that punitive damages were properly included in the amount in controversy).